O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GONZALEZ, | Case Nos. CR 04-1189(A)-CAS - 1 |
| | CV 09-8408-CAS |
| Petitioner, | |
| v. | |
| | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION AND BACKGROUND

On February 27, 2006, after a jury trial, Gabriel Gonzalez was convicted of three counts of depriving three women of their right to bodily integrity, in violation of 18 U.S.C. § 242. CR Dkt. 100. On August 3, 2006, the Court sentenced Gonzalez to 360 months of imprisonment. CR Dkt. 117.

Gonzalez filed a notice of appeal and on July 18, 2008, the Ninth Circuit affirmed Gonzalez's convictions and sentence. CR Dkt. 137; Case No. 06-50461. On July 18, 2008, the Ninth Circuit denied Gonzalez's petition for rehearing. CR Dkt. 137.

On November 16, 2009, Gonzalez filed a Motion to Vacate, Set Aside, or Correct Conviction and Sentence pursuant to 28 U.S.C. § 2255. CR Dkt. 140. The § 2255

1 | Petition challenged Gonzalez's conviction and sentence on two grounds: (1) ineffectiveness of counsel; and (2) discovery violations by the government. CR Dkt. 140 at 2. The Court denied Gonzalez's motion on August 31, 2010, CR dkt. 171, and subsequently denied his motion for reconsideration, CR dkt. 182. Gonzalez appealed but the Court and the Ninth Circuit both denied Gonzalez's requests for a certificate of appealability. CR Dkts. 185, 187.

On February 15, 2018, Gonzalez filed the instant Petition for Leave to File Motion Pursuant to Rule 60(b). CR Dkt. 191 ("Pet."). On April 5, 2018, the government filed its opposition to Gonzalez's motion. CR Dkt. 193. On April 23, 2018, Gonzalez filed his reply. Dkt. 41 ("Reply"). After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Under Rule 60(b), the court may grant reconsideration of a final judgment or any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991)). "[A] legitimate Rule 60(b) motion 'attacks . . . some defect in the integrity of the federal habeas proceedings.'" Jones v. Ryan, 733 F.3d 825, 834 (9th Cir. 2013) (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner is generally limited to one habeas motion unless the second or successive motion is certified by the court of appeals. 28 U.S.C. § 2244. Because of the difficulty of meeting the standard to file a second or successive habeas petition, "habeas corpus petitioners at times have characterized their second or successive habeas corpus petitions as Rule 60(b) motions." Jones, 733 F.3d at 833. "[A] motion that does not attack the integrity of the [habeas] proceedings, but in effect asks for a second chance to have the merits

determined favorably raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitation on second or successive habeas corpus petitions." Id. at 834.

### III. DISCUSSION

In the instant Rule 60(b) motion, Gonzalez contends that an essential element of the federal statute under which he was convicted, 18 U.S.C. § 242, was not met during his trial.[1] Pet. at 3. Gonzalez does not challenge the federal habeas proceedings but rather focuses entirely on the underlying trial. Pet. at 3–4. Indeed, Gonzalez explains that he "wishes only that the court review and answer his straightforward claim, can his conviction and sentence stand under a conviction returned by a jury even though a jury did not find him guilty of satisfying all of the statutes [sic] essential elements?" Reply at 1. Gonzalez's motion thus asks "for a second chance to have the merits [of his trial proceedings] determined favorably." See Jones, 733 F.3d at 834.

Accordingly, the Court concludes that the Rule 60(b) motion is a second or successive § 2255 motion. Because Gonzalez has already filed a habeas petition and the present petition has not been certified by the Ninth Circuit, the Court is not authorized to consider Gonzalez's second or successive habeas petition.

---

[1] Gonzalez's contention is based on a misreading of the statute. Gonzalez reads 18 U.S.C. § 242 as requiring the crime to be committed "on account of such person being an alien, or by reason of his color, or race . . ." Pet. at 3. Section 242, however, is a disjunctive statute that provides two elements of a crime separated by the word "or." Thus proof of only one of the elements is sufficient to prove a violation. In other words, a person acting under color of law violates section 242 by either subjecting any person "to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States," or by subjecting any person "to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race . . ." 18 U.S.C. § 242.

Further, even if Rule 60(b) were applicable, Gonzalez filed the instant motion seven years after the Court denied his § 2255 Petition.  Any Rule 60(b) motion must be filed within a reasonable time, and for subsections (1), (2), and (3), no later than one year after entry of the order being challenged.  See Fed. R. Civ. P. 60(c)(1).  Thus, any motion for relief under Rule 60(b)(1),(2), or (3) would be absolutely time-barred.  Gonzalez's motion would also be time-barred under the more flexible Rule 60(b)(6) because he has not shown extraordinary circumstances that prevented him from taking timely action.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** the Petition for Leave to File Motion Pursuant to Rule 60(b).

**IT IS SO ORDERED.**

DATED: September 5, 2018

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE